IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PENNECO PIPELINE CORP., et al       )
                                    )  Civil Action No. 05 - 49
                Plaintiffs,         )
                                    )  Judge Terrence F. McVerry
        v.                          )  Magistrate Judge Lisa Pupo
                                    )  Lenihan
DOMINION TRANSMISSION, INC.,        )
                                    )
                Defendant.          )

## MEMORANDUM ORDER

Plaintiffs have filed a Motion to Designate the Landowner Plaintiffs
as Nominal Parties in this litigation. (Doc. No. 64). This declaratory judgment action
was filed on behalf of Penneco Pipeline Corporation ("Penneco"), as well as a number
of plaintiffs who own the land in question, relative to oil and gas exploration, drilling
and production rights under oil and gas leases with the Defendants. The complaint
was filed in January 2005.

The present motion was filed following the depositions of some number
of the landowner plaintiffs. Plaintiffs argue that the questions asked during the
depositions had no relation to the substantive issues in the case but were an attempt
to "drive a wedge" between Penneco and the Landowner Plaintiffs. Rather than
objecting to the questioning, or stopping the deposition and requesting a judicial
ruling, Plaintiff counsel filed the present motion.

The gist of Plaintiffs' argument is that the Landowner Plaintiffs
are merely stakeholders whose only interest in the action is to determine who owns
the exploration, drilling and production rights to the oil and gas on their properties. All
of the cases cited by Plaintiffs[1] address the issue of designating a party as nominal for

---

1

No cases from this district or the Third Circuit were cited by any of the parties as apparently,
(continued...)

the purposes of a diversity determination. A nominal party is defined as one who has "no actual interest or control over the subject matter of the litigation." Rose v. Giamatti, 721 F. Supp. 906, 914 ( S.D. Ohio 1989) citing Stonybrook Tenants Assn., Inc. v. Alpert, 194 F. Supp. 552, 556 (D. Conn. 1961). Conversely, a real party in interest, as Defendants assert the Landowner Plaintiffs are, "is one who, by the substantive law, has the duty sought to be enforced or enjoined." Rose v. Giamatti, 721 F. Supp. 906, 914 ( S.D. Ohio 1989) citing Sun Oil Co. of Pennsylvania v. Pennsylvania Dept. of Labor & Industry, 365 F. Supp. 1403, 1406 (E.D. Pa. 1973).

The Court is not certain that the nominal versus real party distinction is applicable outside of the jurisdiction arena and cannot locate any case law in which it is applied in this manner. Assuming, however, that the distinction is applicable, the Court is not convinced that the Landowner Plaintiffs herein are nominal parties. They are the owners of the property in question, they stand to gain monetary remuneration if Penneco is awarded the rights to drill, and they could be subject to legal action if they unilaterally terminated the leases with Defendants and their predecessors. In addition, the Landowner Plaintiffs are actually in complete control of the litigation, as if they were to decline to enter into any agreement with Penneco, the lawsuit would be moot. As explained in Moore's Federal Practice § 102.15 "a nominal defendant is a person who can be joined to aid the recovery of relief... only because the defendant **has no ownership interest in the property that is the subject matter of the litigation.**" (emphasis added).

Therefore,

---

$^1$(...continued)
no case law exists on the subject in this jurisdiction.

**IT IS ORDERED** this 12th day of July, 2006, that Plaintiffs Motion to

Designate the Landowner Plaintiffs as Nominal Parties is **DENIED**.

In accordance with the Magistrate Judges Act, 28 U.S.C. §

636(b)(1)(A), and Rule 72.1.3(B) of the Local Rules for Magistrate Judges, the parties

are allowed ten (10) days from the date of service of a copy of this Order to file

objections to this Order. Any party opposing the objections shall have seven (7) days

from the date of service of objections to respond thereto. Failure to file timely

objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
United States Magistrate Judge

cc: Counsel of Record