IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PENNECO PIPELINE CORP., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action Nos. 05-49 |
| | ) | |
| v. | ) | Chief Judge Donetta W. Ambrose |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| DOMINION TRANSMISSION, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

| | | |
|---|---|---|
| PENNECO PIPELINE CORP., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 05-537 |
| | ) | |
| v. | ) | Chief Judge Donetta W. Ambrose |
| | ) | Magistrate Judge Lisa Pupo Lenihan |
| DOMINION TRANSMISSION, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

In Civil Action No. 05-49, Plaintiffs' Complaint was received by the Clerk of Court on January 14, 2005, and was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

In Civil Action No. 05-537, Plaintiffs' Complaint was received by the Clerk of Court on April 25, 2005, and was referred to United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation (Doc. 190 in 05-49; Doc. 131 in 05-537) filed on May 21, 2007, recommended that Plaintiffs' Motion for Partial Summary Judgment (Doc. 81 in 05-49; Doc. 77 in 05-537) be denied. The Report and Recommendation further recommended that the Motions for Partial Summary Judgment filed by Defendants, Dominion Exploration & Production, Inc. (Doc. 160 in 05-49; Doc. 98 in 05-537), and Dominion Transmission, Inc. (Doc. 165 in 05-49; Doc. 104 in 05-537), be granted. Service was made on all counsel of record. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, that they had ten (10) days to file any objections. Plaintiffs filed Objections to the Report and Recommendation (Doc. 193 in 05-49; Doc. 134 in 05-537) on June 7, 2007; Defendants filed their Responses to Plaintiffs' Objections to the Report and Recommendation on June 21, 2007 (Doc. 194 & 196 in 05-49; Doc. 135 & 137 in 05-537).

In accordance with 28 U.S.C. § 636(b)(1), this Court has conducted a *de novo* review of those portions of the Magistrate Judge's Report and Recommendation ("R&R") to which objections were raised. Essentially, Plaintiffs raise four objections to the R&R: (1) The R&R incorrectly determined that the DTI Leases are not severable; (2) the R&R incorrectly interpreted and analyzed the DTI Leases; (3) the R&R incorrectly concluded that an implied covenant to develop and produce oil and gas did not exist here; and (4) the R&R incorrectly concluded that Defendants did not abandon their production rights under the DTI leases. Only Plaintiffs' first objection requires any discussion.

With regard to Plaintiffs' objection on the severability issue, the Court notes initially that Plaintiffs' position, as stated in their objections to the R&R, is inconsistent with the position

2

Plaintiffs took in their summary judgment briefs before the Magistrate Judge and at oral argument on the motions.[1] Before the Magistrate Judge, Plaintiffs maintained that the oil and gas production rights were not severable from the storage rights. Indeed, the case upon which Plaintiffs relied in support of their summary judgment motion, *Jacobs v. CNG Transmission Corp.*, 332 F.Supp. 2d 759 (W.D.Pa. 2004), involved a similar lease and Judge Cercone likewise found that the production rights were not severable from the storage rights. Now, having realized that they cannot succeed on the merits of their claims without the Court first finding that the production rights are severable from the storage rights, Plaintiffs take issue with the Magistrate Judge's finding that these rights are not severable.

The Court finds no merit to Plaintiffs' new argument that the production rights are severable from the storage rights. The Plaintiffs lose sight of the fact that in determining whether the production rights are severable from the storage rights, the determinative factor is the *intent of the parties at the time the lease agreement was executed*, as gleaned from the four corners of the document and considering the agreement as a whole, the character of the consideration, and the

---

[1] Preliminarily, Defendants argue in their Responses to Plaintiffs' Objections to the R&R that Plaintiffs' objection to the Magistrate Judge's finding that the DTI leases are not severable should be overruled because Plaintiffs waived this argument. Defendants are correct that generally, arguments raised for the first time in objections to the Magistrate Judge's R&R are deemed waived. *Anna Ready Mix, Inc. v. N.E. Pierson Const. Co.*, 747 F.Supp. 1299, 1302 (S.D. Ill. 1990) (citing 7 J. Moore, *Moore's Fed. Practice* ¶ 72.04 [10.-2] at 72-71); *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988)) (other citation omitted); *Hubbard v. Pleasant Valley Sch. Dist.*, No. Civ. A. 3:CV-03-0797, 2006 WL 42093, *3 (M.D.Pa. Jan. 6, 2006) (citing *Paterson-Leitch Co., supra*) (other citations omitted). Although Plaintiffs first argued that the leases were severable in their objections to the R&R, the issue of severability was fully considered by the Magistrate Judge as it was determinative of the other legal issues presented in the summary judgment motions. Thus, Plaintiffs' new argument regarding severability will not be deemed waived; instead, the Court will give it due consideration in light of the inconsistent positions taken by Plaintiffs.

circumstances surrounding the execution of the lease. *Jacobs v. CNG Transmission Corp.*, 772 A.2d 445, 452 (Pa. 2001). Thus, it is irrelevant, as Plaintiffs now contend, that DTI subsequently assigned its production rights to DEPI or how DTI and DEPI treated the production rights under the Farmout Agreement, both of which occurred more than 50 years after the leases at issue here were executed. Rather, for the reasons set forth by the Magistrate Judge, both the language of the DTI leases, as well as the character of the compensation, indicated that the parties to the DTI leases did not intend that the production and storage rights would be severable.

Plaintiffs' argument in support of their objection relies on a misconstruction and misapplication of the Kansas Supreme Court's decision in *Rook v. James E. Russell Petroleum, Inc.*, 679 F.2d 158 (Kan. 1984), which, as the Magistrate Judge correctly noted, is not binding on this Court. Unlike the DTI leases, the leases in *Rook* contained an assignment clause, which evidenced an intent to treat the different interests under the leases separately:

> "Lessee shall have the right to assign said lease as hereby modified as to all or any portion of the acreage covered thereby or as to any interest therein, and upon such assignment, Lessee shall have thereafter no personal liability as to any covenant of said modified lease in respect to the acreage or interest as to which assignment has been made."

*Rook*, 679 P.2d at 160-61 (quoting ¶ ¶ 6 & 12 of supplemental agreement to tracts I & II, respectively). The Kansas Supreme Court concluded that this language, when read together with the other provisions in the leases, readily showed that the parties to the leases "contemplated, upon assignment of the leases, the severability of the storage portion of these leases from the oil and gas production portion of the leases. [The court further concluded that] it [wa]s clear a default in either the storage portion of these leases or the oil and gas production portion of these leases would not

4

affect the other." *Id.* at 164. By contrast here, there is no assignment clause, let alone any comparable language, in any of the DTI leases indicating that the parties to these leases had any similar intent.[2]

Another distinguishing factor in *Rook* is that the compensation provided for in the leases was separately stated for production rights versus storage rentals, and the storage rental fees were paid in addition to the fees paid for production rights. *Id.* at 160. By contrast here, the compensation provisions under the DTI leases for production of oil and gas (royalties), the right to develop oil and gas (delay rentals), and for storage of gas (storage rentals and well storage fees) are not distinctly allocated to production or storage rights, but rather, are written in such a way that payment for one purpose interrelates and impacts on the payment for the other, and in most cases, one type of payment is made in lieu of another. Also, one of the two leases in *Rook* explicitly limited extension of the primary term of the lease to gas storage rights by payment of annual storage rentals. *Id.* at 161. There is no comparable language in the DTI Leases. Accordingly, the Court agrees with the conclusion of the Magistrate Judge, that *Rook* is inapposite to the cases at bar, and finds that the Magistrate Judge did not err in failing to adopt the reasoning of the Kansas Supreme Court with regard to the severability issue.

As to Plaintiffs' remaining objections, the Court finds that the objections do not have

---

[2] Although the DTI leases did not contain an express provision regarding assignment, and therefore assignment may not have been prohibited under Pennsylvania law, the mere fact that assignment may have been possible under the DTI leases does not mandate the conclusion that the production and storage rights are severable, nor does it make *Rook* dispositive of the severability issue here. Rather, the critical factor is the absence of any express language in the DTI leases, similar to that contained in *Rook*, which would indicate an intent at the time the leases were executed that production rights could be severed from the storage rights.

5

any merit,[3] as this Court's *de novo* review of the record and applicable law has determined that the Magistrate Judge correctly applied the applicable law to the facts of these cases.

Thus, after review of the pleadings and the summary judgment record in these two cases, together with the Report and Recommendation, objections to the Report and Recommendation and Responses thereto, and having made a *de novo* determination of all matters to which objections were raised, the Court enters the following Order:

AND NOW, this 25th day of June, 2007,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment (Doc. 81 in 05-49; Doc. 77 in 05-537) is **DENIED.**

**IT IS FURTHER ORDERED** that the Motions for Partial Summary Judgment filed by Defendants, Dominion Exploration & Production, Inc. (Doc. 160 in 05-49; Doc. 98 in 05-537), and Dominion Transmission, Inc. (Doc. 165 in 05-49; Doc. 104 in 05-537) are **GRANTED.**

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. 190 in 05-49; Doc. 131 in 05-537) of Magistrate Judge Lenihan, dated May 21, 2007, is adopted as the Opinion of the Court.

---

[3] For example, Plaintiffs' objection to the Magistrate Judge's conclusion regarding their abandonment claim is somewhat disingenuous in that Plaintiffs misstate the Magistrate Judge's finding as to the standard for proving abandonment. On page 18 of their Objections, Plaintiffs submit that the Magistrate Judge cited the case of *Clark v. Wright,* 166 A. 775 (Pa. 1933), for the proposition that "an unexplained cessation of operations under a lease the term of which depends on production, without remuneration to the lessor, for an unreasonable length of time, gives rise to a fair presumption of abandonment or surrender", and then ignored that pronouncement. This Court's review of the R&R reveals that the Magistrate Judge did not cite *Clark* for that proposition. Rather, the Magistrate Judge's sole reference to Clark was merely to note that *Clark,* as well as several other Pennsylvania cases relied on by Judge Cercone in finding an abandonment of production rights in State-*Jacobs,* were distinguishable on their facts, *i.e.,* they involved single purpose leases granting only production rights.

6

*[signature]*
DONETTA W. AMBROSE
Chief United States District Judge

cc: The Honorable Lisa Pupo Lenihan
United States Magistrate Judge

All counsel of record
*Via Electronic Mail*